Mr. Justice Morris
delivered the opinion of the Court:
It would seem that, from the strict letter of the law creating this court, by which the right of appeal is given from “ any final order, judgment or decree of the Supreme Court of the District of Columbia, or of any justice thereof,” there is reason to assume that the plaintiff is entitled *543 to appeal in this instance. Indeed, had the decision of the General Term in the case been carried into effect immediately aftér its rendition, and a judgment rendered thereon at the time by the special term, there seems to be no reason why the plaintiff might not then have again carried the case to the General Term, as preparatory to its ultimate removal to the Supreme Court of the United States, and have awaited the entry of the judgment by the special term before' taking that step. Notwithstanding the circuity of action involved in the proceeding, that would seem to be the more regular course. It would not follow, of course, that the second appeal to the General Term would be anything more than a matter of form, inasmuch as the question at issue would have been entirely disposed of. And so, while the present appeal to this court is not improper, and we do not deem ourselves precluded by the decision of the General Term from a review of the judgment now rendered, any more than the General Term itself would have been precluded, it would seem to be proper that we should not without good cause seek to reverse the action of that court.
But we regard the decision of the General Term as right and proper, and in full accordance with the principles laid down by the Supreme Court of the United States in the case of Wisconsin v. Insurance Co., 127 U. S., 265, and restated in the more recent case of Huntington v. Attrill, 146 U. S., 657. We do not understand that the last mentioned case qualifies to any material extent the doctrine of the case of Wisconsin v. Insurance Co., so far as it concerns the operation of the penal statutes of a State made in aid of its revenue laws. The statute that was invoked in the case of Huntington v. Attrill, was, it was conceded, in some respects, a penal statute; but it was a statute made for the benefit and protection of individuals, and was the basis of suit by private individuals to enforce their private demands. The statute in the case of Wisconsin v. Insurance Co., was a public statute for the public benefit, in aid *544 of the public policy of the State, and giving ground for suit only in the name of the State and for the benefit of the State. As stated by Mr. Justice Gray, in the case of Huntington v. Attrill, the case of Wisconsin v. Insurance Co. established this doctrine, and the doctrine was reaffirmed by him:
“The rule that the courts of no country execute the penal laws of another applies not only to prosecutions and sentences for crimes and misdemeanors, but to all suits in favor of the State for the recovery of pecuniary penalties for any violation of statutes for the protection of its revenue or other municipal laws, and to all judgments for such penalties.”
The judgment sued on here was, in part at least, a judgment for the recovery of a penalty, distinctly so stated in the judgment roll itself; and the statute, upon which the proceeding was based, is on its face a penal statute of great severity, awarding first a penalty of twenty-five per centum upon the amount of the money unaccounted for, and superimposed on that a penalty of fifty per centum a year, under the designation, it is true, of interest, but no less for that a penalty. And the principle applies no less because the judgment was in favor of a county, and not originally in favor of the State. In the matter of the raising of revenue, the county acts, not so much in its corporate capacity, for the benefit of its incorporators, as under the attributes of sovereignty, imparted to it for the time being by the State; and there can be no difference in principle between a judgment against a delinquent collector in favor of a county and a judgment against such a collector in favor of the_ State.
The suggestion of counsel for the appellant is to some extent well founded, that this is an action substantially for money had and received. We have not, in the record, the bond given by Turner and his sureties; and we are not, therefore, advised of its scope and terms. But assuming it to be of the character usual in such cases, and that it was *545 conditioned for a faithful accounting by the collector for the moneys received by him, we see no reason why, when judgment has been obtained at the suit of the county, or of a State, against the collector and his sureties, on his official bond, such judgment for the sum unlawfully retained by the collector, with ordinary legal interest, should not be enforced anywhere throughout the United States. That would be, in truth, a demand for money had and received, an ordinary common law demand; and there would be no question of penalty, or penal statute, or local revenue law in the case. The money sought to be recovered would be the money of the county .or State, and not a penalty imposed for delinquency.
But while to some extent it is sought here to recover the money due to the county and unlawfully retained by the collector, the judgment is not confined to that. It embraces a penalty as well, and a double penalty; and we cannot in this action separate the claim for the penalty from the claim for money had and received. While the record shows how much was penalty and how much was money actually retained, yet the judgment is one and indivisible, and we could not apportion the recovery.
For the reasons here stated, we are compelled to affirm the judgment of the court below, with costs; and it is so ordered.